# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| **In re:**<br>**LONGRUN, PBC**<br>**d/b/a Keto & Co.,**<br><br>**Debtor** | **Chapter 11**<br>**Case No. 23-**  10140 |

### EMERGENCY MOTION FOR AUTHORITY TO PAY
### CERTAIN PRE-PETITION CLAIMS,
### AND TO PAY PAYROLL, BENEFITS, DEDUCTIONS, UNREIMBURSED EMPLOYEE
### BUSINESS EXPENSES AND WITHHOLDING TAXES

NOW COMES Longrun, PBC d/b/A Keto & Co. (the "Debtor") through its counsel, and, pursuant to 11 U.S.C. § 363(b)(1) and § 105(a) requests that this Court authorize the Debtor to pay pre-petition payroll, benefits, deductions, withholding taxes and unreimbursed employee business expenses for the work performed or expenses incurred for the period prior to the filing of the Debtor's Chapter 11 petition. In support of this Motion, the Debtor respectfully states as follows:

1. Contemporaneously herewith, (the "Filing Date"), the Debtor filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. The Debtor manages its business as Debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtor is a Delaware corporation established in 2014 with its main office in Belmont, Massachusetts. The company sells low carb and keto foods wholesale to retailers via amazon.com, and via its own ecommerce websites; it has no physical store location.

4. The Debtor's financial troubles can largely be traced to the COVD pandemic. In 2020, the Debtor's gross revenues were approximately $9,700,000. However, post pandemic consumers' buying and eating habits changed dramatically. In 2021 the company's gross sales fell to approximately $8,900,000, and in 2022 the Debtor's gross revenues were the approximate amount of $5,072,000.

5. The Debtor's financial problems were caused by Decreases in sales, inability to raise additional equity financing, inability to secure additional debt financing, supply chain delays, increases in cost of promotion, increases in cost of freight, increased distributor deductions, increases in cost of goods, recalling a product, defending lawsuits, decrease in advance rate on its line of credit. The Debtor's primary line of credit matures in July, 2023, and the Debtor was recently advised by the lender that it would not renew the line of credit, which necessitated this filing.

6. The Debtor has approximately 4 employees including Ted Tieken, the Debtor's President, sole board member, and majority shareholder. Employees are paid bi-weekly, in arrears. The Debtor's gross payroll averages approximately $15,000 per pay period.

7. The Debtor states that if it is not permitted to make payments to employees for their pre-petition wages and related benefits, the employees will not continue to work for the Debtor. This will in turn cause immediate and irreparable harm to the Debtor and its value as a going concern.

8. The Debtor therefore requests authority to pay the pre-petition payroll, benefits, deductions, withholding taxes and unreimbursed employee business expenses.

9. The Debtor also seeks authority to pay, in the ordinary course of its operations, wages, benefits and deductions, including but not limited to accrued vacation benefits,

deductions (including insurance premiums), and withholding taxes, and earned and unreimbursed employee expenses incurred in the ordinary course of employment.  None of these amounts exceed the amounts for priority wage and employment claims in §507(a).

10.    Courts regularly permit the payment of pre-petition wage claims and related taxes and insurance as necessary to the reorganization effort.  *See, e.g. In re Chateaugay Corp.*, 80 B.R. 279 (S.D. N.Y. 1987).  In addition, courts will, in appropriate circumstances, authorize payment of "critical vendors" so-called, if doing so is vital to a debtor's ability to reorganize.  *See, e.g.*, *In re CoServ, L.L.C.,* 273 B.R. 487 (Bankr. N.D. Tex. 2002). Payment of the employees meets these criteria.

11.    Similarly, payment of the wages, and accrued benefits incurred pre-petition is justified because the Debtor's employees are critical to the operation and management of the Debtor's business.

## REQUEST FOR EMERGENCY HEARING

12. Pursuant to MLBR 9013-1 (h), the Debtor requests an emergency hearing on this Motion.

13. In support of the request for an emergency hearing, the Debtor states that, unless it can pay its employees on an emergency basis, the disruption to the Debtor's business will seriously impair the Debtor's ability to operate as Debtor in possession.

WHEREFORE, LongRun, PBC respectfully prays:

1. That this Court authorize the Debtor to pay employee wages and benefits, as described herein;

2. That this Court authorize the Debtor to pay its net payroll through the Filing Date, and to make payments for all withholding taxes and payroll deductions from the Debtor's employees for the same period; and

3. For such further relief as this Court deems just and proper.

Respectfully submitted this 1st day of February, 2023.

                LONGRUN, PBC

                By: /s/ Steven Weiss
                Steven Weiss, Esquire
                BBO# 545619
                Shatz, Schwartz and Fentin, PC
                1441 Main Street, Suite 1100
                Springfield, MA  01103
                (413) 737-1131
                sweiss@ssfpc.com

22\0320\Motion to Pay Wages.5301

EXHIBIT A

Payroll Journal Report

Long Run LLC
464 Common Street #207
Belmont   MA   2478

Employee Earnings
Payroll per 01/16/2023 - 01/29/2023
Pay day   02/03/2023

| Last Name | First Name | Department | Work Addr | Employee | Payment | Regular (H) | Regular (R) | Regular (A) | Gross Earn | Employee I | Employee I | Employee I | Employee I | Employee I | Guideline I | Guideline I | Guideline I | Guideline I | Employee | Federal Inc | Social Secu | Medicare | Additional | MA Withh |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alejo | Fred | Operations | 485 Teram | Salary/No | Direct Dep | 80 | 53.85 | 4307.69 | 4307.69 | 91.77 | 275.31 | 16.31 | 16.31 | 3.13 | 3.13 | | | | | 1171.61 | 850.57 | 260.19 | 60.85 | 0 | |
| Flint | Grainger | | 101 Blanch | Salary/Eligi | Direct Dep | 80 | 11.54 | 923.08 | 923.08 | | | | | | | 0 | 36.92 | 46.15 | 0 | 182.41 | 74.58 | 57.23 | 13.38 | 0 | 34.16 |
| McAdoo | Emily | Admin | 464 Comm | Salary/No | Direct Dep | 80 | 25.24 | 2019.23 | 2019.23 | | | | | | | | | | | 236.05 | 0 | 125.19 | 29.28 | 0 | 75.16 |
| Tieken | Richard | | 464 Comm | Paid by the | Direct Dep | 80 | 75 | 6000 | 6000 | | | | | | | 0 | 240 | 840 | 0 | 1851.93 | 1098 | 372 | 87 | 0 | 275.09 |
| Payroll Totals | | | | | | 320 | 41.41 | 13250 | 13250 | 91.77 | 275.31 | 16.31 | 16.31 | 3.13 | 3.13 | 0 | 276.92 | 886.15 | 0 | 3442 | 2023.15 | 814.61 | 190.51 | 0 | 384.41 |

| Massachus | Massachus | MO Emplo | Employer 1 | Social Secu | Medicare ( | FUTA (Emp | Nevada St | Nevada Ca | MA Unemp | MA Workfe | Massachus | Massachus | Massachus | MO Compe | Net Pay | Reimburse | Donations | Check Amc | Employer Cost |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | 450.27 | 260.19 | 60.85 | 0 | 127.08 | 2.15 |  |  |  |  |  |  | 3024.87 | 0 | 0 | 3024.87 | 5052.71 |
| 1.06 | 2 |  | 115.9 | 57.23 | 13.38 | 5.54 |  |  | 34.85 | 0.54 | 0 | 0 | 4.36 |  | 689.52 | 0 | 5 | 689.52 | 1075.9 |
| 2.22 | 4.2 | 0 | 250.19 | 125.19 | 29.28 | 12.12 |  |  | 73.3 | 1.13 | 0 | 0 | 9.17 |  | 1783.18 | 0 | 0 | 1783.18 | 2269.42 |
| 6.86 | 12.98 |  | 459 | 372 | 87 | 0 |  |  | 0 | 0 | 0 | 0 | 0 |  | 3308.07 | 0 | 0 | 3308.07 | 6699 |
| 10.14 | 19.18 | 0 | 1275.36 | 814.61 | 190.51 | 17.66 | 127.08 | 2.15 | 108.15 | 1.67 | 0 | 0 | 13.53 | 0 | 8805.64 | 0 | 5 | 8805.64 | 15097.03 |